CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. He injured his wrist while working for the defendant, Sterling Gachassin Beer Distributor. From an adverse judgment, plaintiff appealed.
The sole issue is whether plaintiff suffered any work-connected disability beyond the period of about one month for which compensation was paid.
The facts show that on February 19, 1966, plaintiff was assisting in the washing and sterilizing of bottles. A fork-lift was moving pallets loaded with cases of empty bottles. Plaintiff’s right wrist was caught between two pallets.
The accident occurred on a Saturday. The following Monday morning, February 21, 1966, plaintiff was sent by his employer to see Dr. Vernon A. Voorhies, a general practitioner of New Iberia. This physician found no swelling, bruises, cuts, contusions or other external evidence of trauma. X-rays showed no fracture but did reveal a pre-existing congenital condition diagnosed as a fusion of the carpal bones of the right wrist. Due principally to plaintiff’s subjective complaints of pain, Dr. Voorhies diagnosed a “probable sprain of the right wrist.”
Initially Dr. Voorhies prescribed an ace bandage and hot soaks. Later a cast was applied to the wrist. The cast was removed on March 18, 1966, at which time Dr. Voor-hies could find no cause for plaintiff’s continued complaints. He discharged plaintiff as able to return to work. On the basis of this report, workmen’s compensation payments were terminated on March 21, 1966.
At the request of plaintiff’s attorney, he was seen on April 4, 1966 by Dr. James Gilly, an orthopedic surgeon of Lafayette. This physician also found no objective signs of injury and recommended that plaintiff return to work. Dr. Gilly’s testimony is particularly impressive because he had x-rayed plaintiff’s wrist in 1964 in connection with another injury. Comparing the 1964 and 1966 x-rays, Dr. Gilly *509 expressed the opinion there was no change indicating an aggravation of the pre-exist-ing condition by the 1966 accident.
At the request of defendant, plaintiff was seen on May 22, 1967 by Dr. William Louis Meuleman, an orthopedic surgeon of Lafayette. This physician also found no objective symptoms of trauma nor any aggravation of the pre-existing fusion of the carpal hones. He stated that if plaintiff had in fact sustained an injury in February of 1966, there was no residual disability. He recommended that plaintiff return to work.
On September 27, 1966, plaintiff was seen by Dr. Thomas Campanella, an orthopedic surgeon of Baton Rouge. He found some muscle tightness of the flexion muscles of the right hand and wrist and prescribed exercise for this condition. Dr. Campanella was of the opinion plaintiff should return to work.
Dr. Harry Moresi, Jr., a radiologist of New Iberia interpreted the x-rays made by the various physicians. It was his opinion that the pre-existing congenital fusion of the carpal bones in the right wrist was not aggravated by the 1966 accident.
The only expert medical witness who supports plaintiff’s position is Dr. George W. Diggs, a general practitioner of Iberia Parish. He saw and treated plaintiff eight or ten times beginning June 17, 1966 and extending up to about the day of the trial on November 10, 1967. This physician found swelling and contusion of the wrist with limited motion. He diagnosed a “severe contusion and sprain” of the wrist with aggravation of the pre-existing fused carpal bones and stated that plaintiff could not return to work without substantial pain. However, Dr. Diggs agreed that other physicians who saw plaintiff’s wrist before the accident could better judge whether there was an aggravation of the pre-exist-ing fusion of the carpal bones.
The district judge concluded plaintiff had failed to prove by a preponderance of the evidence that he was disabled beyond the date on which workmen’s compensation payments were stopped. This is clearly correct.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.